# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

## EASTERN DIVISION

| | |
|---|---|
| **In re**<br><br>**F&B ENTERPRISES, INC.,**<br><br>      **Debtor** | **Chapter 7**<br>**Case No. 00-17017-FJB** |
| **DEBORA CASEY, as she is CHAPTER 7**<br> **TRUSTEE,**<br><br>      **Plaintiff**<br><br>**v.**<br><br>**THOMAS FERREIRA,**<br>**HICKS STREET, INC.,**<br>**F&B RUBBERIZED, INC., and**<br>**JOHN (JEFF) FERREIRA,**<br><br>      **Defendants** | **Adversary Proceeding**<br>**No. 18-1030** |

<u>**MEMORANDUM OF DECISION**</u>

**Procedural History**

By her seven-count complaint in the above-entitled adversary proceeding, Debora Casey, as

trustee in the chapter 7 bankruptcy case of F&B Enterprises, Inc., seeks (i) a determination that a post-

bankruptcy transfer of certain real property that belonged to the debtor but was not disclosed during

the bankruptcy case was void *ab initio* as in violation of the automatic stay, (ii) avoidance of the transfer

under 11 U.S.C. § 549(a) as an unauthorized postpetition transfer; (iii) avoidance of the transfer under

11 U.S.C. § 544 and MASS. GEN. LAWS ch. 109A as actually or constructively fraudulent; (iv) turnover of

the property under 11 U.S.C. § 542(a); (v) turnover under § 542(a) of the fair value of the defendants'

use and occupancy of the premises since the debtor's bankruptcy filing; (vi) damages against the

defendants for defrauding the estate by the transfer; and (vii) judgment declaring the transfer to have

been void because *ultra vires*.  The defendants failed to answer the complaint, whereupon the Court

entered their defaults. The plaintiff then moved for entry of default judgment as to all counts, and, on

August 9, 2018, the Court allowed the motion as to all counts except Count V.  As to Count V, the count

for turnover under § 542(a) of the fair value of the defendants' use and occupancy of the premises since

the debtor's bankruptcy filing, the Court removed the defendants' default and scheduled a trial.

Notwithstanding the removal of their default, the defendants still have never filed an answer.

By a motion in limine, the plaintiff subsequently requested that the defendants be excluded

from presenting evidence at the trial. In the course of the argument, the parties made certain

stipulations of fact that partially resolved the motion. Specifically, they stipulated (i) that the defendants

controlled the Property at all times relevant hereto, (ii) that the defendants' use of the Property was

both non-continuous and non-exclusive at all times relevant hereto, and (iii) that the defendants

believed that the Property was owned by Land Locker, Inc. and not by F&B Enterprises at all times

relevant hereto.  The Court accepted these stipulations of fact; and, in further disposition of the motion

in limine, the Court set a deadline for the parties to file a joint statement of agreed facts, ordered that at

trial the plaintiff trustee shall present one witness, specifically her valuation expert, and the defendants

shall be afforded an opportunity to cross-examine the valuation expert, and further ordered that at the

trial, the defendants shall be entitled to call only Barbara Ferreira and Thomas Ferreira on the issue of

the alleged mortgage-related setoffs and on no other issue.  Notwithstanding this order, the parties filed

no statement of additional agreed facts. Also, though the parties were ordered to file a joint pretrial

memorandum or, in lieu of a joint memorandum, separate pretrial memoranda, the plaintiff filed a

separate pretrial memorandum that satisfied her obligations but the defendants filed no separate

pretrial memorandum of their own.

On the eve of trial, the defendants moved to cancel the trial, saying they now had accepted the

valuation arrived at by the plaintiff's expert in the amount of $163,650.00 and that this stipulation on

their part resolved the only issue remaining to be tried. After ascertaining the Plaintiff assented to this

request, the Court accordingly canceled the trial and ordered the parties to submit proposed findings of

fact and conclusions of law as to Count V (the sole count remaining in controversy), which they have

now done.  The following constitute the Court's findings and conclusions as to Count V.

FACTS

In the strict sense, it is unnecessary and impossible for the Court to make findings as to Count V

because the parties have adduced no evidence from which I might make findings. Rather, the record

consists of facts assembled from two sources: (i) those facts alleged in the complaint concerning Count

V, which are deemed admitted because the defendants, having filed no answer to the complaint, have

not denied them;[1] and (ii) the four facts to which the parties have stipulated, three at the time of the

hearing on the motion in limine, and the fourth, concerning valuation, to which the defendants

stipulated on the eve of trial.  The record is limited to these facts, and the matter has been submitted

for decision on them. The Court is not free to add to, subtract from, or modify them.  They are as

follows.

1.       On October 20, 2000 ("the Petition Date"), F&B Enterprises, Inc. ("the Debtor") filed a

petition for relief under chapter 11 of the Bankruptcy Code, commencing the bankruptcy case

("Bankruptcy Case") in which this adversary proceeding now arises.  [Complaint ¶10]

2.       Defendant Thomas Ferreira ("Thomas") was the president and shareholder of the

Debtor. [Complaint ¶2]

3.        Shortly after the bankruptcy filing, the United States trustee moved to convert the

Bankruptcy Case to one under chapter 7 (alleging incomplete schedules and other actions inconsistent

with the obligations as a chapter 11 debtor), and after a hearing, the court ordered the conversion of

the case to one under chapter 7 of the Bankruptcy Code. [Complaint ¶11]

---

[1] See Fed. R. Civ. P. 8(b)(6), made applicable by Fed. R. Bankr. P. 7008.

4.      Plaintiff Debora Casey is the duly appointed trustee under chapter 7 of the Bankruptcy Code of the estate in the Bankruptcy Case ("the Estate"). [Complaint ¶1]

5.      On the Petition Date, the Debtor owned certain vacant land on Hicks Street in New Bedford, Massachusetts ("the Property"). Accordingly, pursuant to 11 U.S.C. § 541(a), from and after the Petition Date the Property constituted property of the Estate.  [Complaint ¶12]

6.      The Property was not disclosed on the schedules that the Debtor filed in the Bankruptcy Case.  [Complaint ¶13]

7.      The Trustee has not administered the Property, and the Property was never abandoned under 11 U.S.C. § 554.  [Complaint ¶14]

8.      The Bankruptcy Case was closed in 2006 ("the 2006 Case Closing"). [Complaint ¶15]

9.      Defendant Hicks Street, Inc. ("Hicks Street") is a Massachusetts corporation. [Complaint ¶3]

10.     Defendant F&B Rubberized, Inc. ("F&B Rubberized") is a Massachusetts Corporation.  It is the operating entity of Thomas and his wife Barbara that replaced the Debtor. [Complaint ¶4]

11.     Defendant John (Jeff) Ferreira ("Jeff," and together with Thomas, Hicks Street, and F&B Rubberized, "the Defendants") is Thomas's son. According to the on-line records of the Secretary of the Commonwealth of Massachusetts ("the MA SOC"), Jeff is the sole officer and director of Hicks Street. Jeff manages F&B Rubberized and its business. [Complaint ¶5]

12.     On or about September 8, 2016, Thomas, purporting to act as president and treasurer of the Debtor, executed a deed transferring the Property to Hicks Street, which is under the direction and control of Jeff, for stated consideration of $1 ("the Purported Transfer"). The Deed was subsequently recorded. A copy of the deed as recorded ("the Deed") is attached to the complaint as Exhibit A. [Complaint ¶16]

13.     The Debtor was dissolved by the MA SOC in 2007, yet the Deed states that Thomas was duly authorized as the president and treasurer to execute the Deed on behalf of the Debtor, both of which assertions are false. [Complaint ¶17]

14.     Thomas stated in the Deed that the reason for the Purported Transfer was that the Property was inadvertently left in the name of the Debtor. [Complaint ¶44]

15.     At the time of the Purported Transfer, the Defendants knew or should have known that (a) Thomas was no longer the president and treasurer of the dissolved Debtor, (b) the Property was never listed on the Debtor's schedules, (c) the Property was never administered by the Trustee or abandoned, and (d) by executing and recording the Deed they were unlawfully acquiring the Property, which constituted Estate property, for less than its fair market value. [Complaint ¶45]

16.     At all times material hereto from the incorporation of F&B Rubberized on October 29, 2001, F&B Rubberized occupied the Property, consisting of four parcels, but never paid the Estate for the use and occupancy of the Property. [Complaint ¶18]

17.     On December 1, 2016, a holder of an allowed unsecured claim against the Debtor and its Estate, Linda Brennan, filed a motion to reopen the Bankruptcy Case on the grounds, among others, that the Property remained property of the Estate and that the purported transfer was void ab initio and fraudulent as a matter of law.  [Complaint ¶19]

18.     At the hearing before the Court on the motion to reopen the Bankruptcy Case, Attorney Timothy Mauser, as counsel for Defendants Hicks Street and Thomas, admitted to the Court that the Property was not listed on the Debtor's schedules and was neither administered by the Trustee nor abandoned, and as such the Property remains property of the Estate.  [Complaint ¶20]

19.     On January 18, 2017, the Court entered an order reopening the Bankruptcy Case and reappointing the Trustee to investigate and administer the Property.  The Trustee discovered the

Property and the Purported Transfer thereof at the time of the reopening of the Bankruptcy Case.

[Complaint ¶21]

20.    Despite demand, the Defendants have occupied and benefitted from their unlawful use

and occupancy of the Property, have continued to do so, and have failed to turn over to the Trustee the

fair value of their use and occupancy of the Property since the Petition Date and to account to the

Trustee for the same. [Complaint ¶38]

21.    The Estate and its creditors suffered damages caused by the Defendants' fraudulent and

unlawful misconduct.

22.    At all times relevant hereto, the Defendants controlled the Property. [Stipulated Fact]

23.    At all times relevant hereto, the Defendants' use of the Property was both non-

continuous and non-exclusive. [Stipulated Fact]

24.    At all times relevant hereto, the Defendants believed that the Property was owned by

Land Locker, Inc. and not by F&B Enterprises. [Stipulated Fact] The Court has no evidence or stipulation

of fact as to the identity of Land Locker, Inc. or the reasons for the beliefs that are the subject of this

stipulation of fact.

25.    The value of the possession, custody, and control of the Property that the Defendants

enjoyed since the commencement of the Bankruptcy Case is $163,650.00. [Stipulated Fact]

26.    The Defendants seek a finding that "[p]ursuant to page 5 of the Giroux Appraisal, the

property has a fair market land value as of November 21, 2014 totaling $107,000." The Court cannot so

find. The Giroux Appraisal and the valuation the Defendants would have the Court find is not in

evidence, not an admitted allegation from the complaint, and not among the stipulated facts.[2]

---

[2] To be clear, the valuation of $163,650, which apparently is based on the Giroux Appraisal, is a stipulated fact, but the appraisal itself was never placed in evidence.

**JURISDICTION**

The matter before the court is a proceeding under 11 U.S.C. § 542(a) to recover the value of the

Defendant's possession, custody, and control of property of the estate. It arises under the Bankruptcy

Code and in a bankruptcy case and therefore falls within the jurisdiction given to the district court in 28

U.S.C. § 1334(b) and, by standing order of reference, referred to the bankruptcy court pursuant to 28

U.S.C. § 157(a). It is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A), (E), and

(O) (core proceedings include "(A) matters concerning the administration of the estate," "(E) orders to

turn over property of the estate," and "(O) other proceedings affecting the liquidation of the assets of

estate"). The bankruptcy court accordingly has authority to enter final judgement on it.

**DISCUSSION**

The Debtor's filing of its bankruptcy petition created an estate that included, subject to

exceptions not applicable here, "all legal or equitable interest of the debtor in property as of the

commencement of the case." 11 U.S.C. § 541(a)(1). Accordingly, upon the filing of the Bankruptcy

Petition, the Property became property of the Bankruptcy Estate. During the case, the Trustee did not

administer it or abandon it back to the Debtor. In the normal course, the closure of a bankruptcy case

effects an abandonment to the debtor of any scheduled property that is not otherwise administered at

the closing of the case. 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled

under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is

abandoned to the debtor and administered for purposes of section 350 of this title."). But the Property

was not scheduled, and therefore the closure of this case did not effect an abandonment of the Property

to the Debtor. Rather, notwithstanding the closure of the Bankruptcy Case, the Property, having been

neither scheduled nor administered, remained property of the estate. 11 U.S.C. § 554(d) ("Unless the

court orders otherwise, property of the estate that is not abandoned under this section and that is not

administered in the case remains property of the estate."). The parties are in agreement on all of the

above.

By Count V of her complaint, the Trustee seeks to recover from the Defendants the fair value of

their use and occupancy of the Property since the commencement of the Bankruptcy Case.  She seeks

this relief under § 542(a) of the Bankruptcy Code. It states:

> Except as provided in subsection (c) or (d) of this section, an entity,
> other than a custodian, in possession, custody, or control, during the
> case, of property that the trustee may use, sell, or lease under section
> 363 of this title, or that the debtor may exempt under section 522 of
> this title, shall deliver to the trustee, and account for, such property or
> the value of such property, unless such property is of inconsequential
> value or benefit to the estate.

11 U.S.C. § 542(a). As to the application of this subsection, too, the parties are largely in agreement. The

Defendants concede that this subsection applies here to them. Specifically, they do not contend (i) that

the exceptions in subsection (c) or (d) are applicable here, (ii) that they are  "custodians" of the Property

within the meaning of this subsection, or (iii) that the Property is of inconsequential value or benefit to

the estate. Further, the Trustee contends, and the Defendants do not dispute, that the Property is

"property that the trustee may use, sell, or lease under section 363 of this title" within the meaning of

this subsection; that is to say, the Property is property of the bankruptcy estate. See 11 U.S.C. § 363(b)

and (c)(1) (authorizing the trustee to use, sell, or lease property of the estate). Further, it is a stipulated

fact that, "at all times relevant hereto," meaning since the Petition Date, "the Defendants controlled the

Property"; and it is an admitted fact that "at all times material hereto from the incorporation of F&B

Rubberized on October 29, 2001, F&B Rubberized occupied the Property." The Defendants, collectively

and separately, are therefore entities who have been in possession, custody, or control of the Property

during the Bankruptcy Case and since its inception. Accordingly, the Defendants concede that § 542(a)

obligates them to deliver to the Trustee the Property and the fair value of its use and occupancy since the Petition Date.[3]

The sole issue that remained to be tried on the eve of trial was the amount of the value that the Defendants are obligated to pay to the Trustee on account of their control, use, and occupancy of the Property since the commencement of the Bankruptcy Case.  On the eve of trial, the Defendants reported to the Court that they were stipulating to the value that the Trustee was seeking to establish, $163,650.00, and, on the basis of that stipulation, asked that the trial be canceled as unnecessary. The Trustee, in reliance on this stipulation, assented to the request, and the Court, also in reliance on the stipulation, granted the request and canceled the trial.

Notwithstanding their stipulation to the value sought by the Trustee, the Defendants now argue for a different value. This is the parties' only point of disagreement. The Trustee, citing the stipulated value of $163,650.00, takes the position that judgment should enter against the Defendants in that amount. The Defendants argue that, to avoid injustice to them, this amount should be reduced to $107,000 and that, in exchange for payment of this amount, the Trustee should be obligated to transfer title of the Property to the Defendants. In support of this position, they cite the following considerations and arguments:

   i.   that, as the Trustee has stipulated, their use and occupancy of the Property was at all times non-continuous and non-exclusive;

   ii.  that, as the Trustee has further stipulated, they believed until September 2016 that the Property was owned by Land Locker, Inc., an entity other than the Debtor;

   iii. that the fair market value of the Property as of November 21, 2014 was $107,000.00;

---

[3] Defendants' Proposed Findings of Fact and Conclusions of Law, ¶ 16.

iv.  that the Property consisted of a relatively insignificant total area of 0.3 acres, contained no

improvements such as water or electricity, and was used generally as an auxiliary parking lot

with barriers which permitted others to utilize the property;

v.  that the Property was not necessary for the Debtor's or its successor's commercial

operations; and

vi.  that in view of the foregoing facts, it would be unfair to saddle them with 18 years of

charges that, at least until September 2016, they did not know they were accruing.

For the following reasons, the Court overrules the Defendants' arguments and will enter judgment for

the Trustee in the stipulated amount of $163,650.00.

First, the Court has no evidentiary basis to make the findings requested in items (iii), (iv), and (v)

above.  At the Defendants' request, the trial was canceled, and they submitted no evidence. To be clear,

the facts in items (iii), (iv), and (v) are not among the few stipulated facts.

Second, though it is stipulated that the Defendants' use and occupancy of the Property was at

all times non-continuous and non-exclusive, I have no evidence of the extent to which, and the manner

in which, their use and occupancy was non-continuous and non-exclusive. But impingements on

exclusivity and continuity may be inconsequential or significant. By itself, this stipulation does not

permit the Court to determine its weight or significance.  But even if it were significant, the Defendants

have also stipulated that they have at all times been in control of the Property; and an entity's *control* of

property of the estate is by itself a sufficient basis to impose on that entity the obligations in § 542(a).

Third, though it is further stipulated that the Defendants believed until September 2016 that the

Property was owned by Land Locker, Inc., an entity other than the Debtor, no evidence has been

presented as to the identity of Land Locker, Inc. or the Defendants' reasons for this belief. Much less

have the Defendants adduced evidence as to their knowledge (or not) of the omission of the Property

from the Debtor's schedules.

10

Fourth, this entire defense is an equitable affirmative defense to the obligation imposed by § 542(a), but the Defendants never pled it in an answer and failed even to announce it in the pretrial memorandum that they were obligated by court order to file. They filed no answer or a pretrial memorandum at all. When they moved to cancel the trial, the Trustee had no way of knowing that this was a defense the Defendants were interposing. Fundamental concerns of fairness and due process require that the Trustee not be made to address it for the first time after assenting to a request to cancel the trial, much less on a representation that the Defendants were stipulating to the Trustee's position on the sole factual issue remaining in controversy. In fact, the Defendants raised this defense for the first time only in their proposed findings of fact and conclusions of law, a submission to which no responsive pleading was contemplated or submitted. In short, by virtue of the Defendants' failure to plead this defense in an answer to the complaint and to file a required pretrial memorandum setting forth this defense for trial, the defense is forfeited.

Fifth, and most pointedly, as the basis for their motion to cancel the trial, the Defendants stipulated to the sole fact in controversy, the amount of their obligation under Count V. After the Trustee and the Court relied on that stipulation, the Defendants, by advancing the present argument, now would effectively withdraw it. They are estopped from doing so.

Sixth, and lastly, the Defendants have advanced no basis for their position that, in exchange for their payment of the sum due on Count V, the Trustee should be compelled to transfer title to the Property to the Defendants. This is not a forced sale. The Trustee, as representative of the Estate, is entitled to turnover of the Property as of the date of the Debtor's bankruptcy filing, now some 19 years in the past. In order to make the Estate whole, it is not enough to avoid, or declare void, the 2016 transfer of title and return title to the Estate. To give the Estate the value of the Property as of the date of the bankruptcy filing, the Defendants must *also* pay to the Estate the time and use value of the Property for the nineteen years in which the Property was effectively withheld from her. The latter is

not payment for the former.  Both are necessary to give the estate the value to which it is entitled under

§ 542(a).

Judgment shall accordingly enter on Count V for the Trustee and against the Defendants jointly

and severally in the amount of $163,650.00.


Date:  September 30, 2019

_____

Frank J. Bailey

United States Bankruptcy Judge